UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: : | |
| JAMES J. RICKARD and : | Case No. 05-20381REF |
| DOROTHY M. RICKARD, : | Chapter 7 |
| Debtors : | |
| : | |
| DAVID A. EISENBERG, Esquire, : | |
| Chapter 7 Trustee, : | |
| Plaintiff : | |
| : | |
| v. : | Adv. No. 05-2278 |
| : | |
| JASON J. RICKARD, : | |
| Defendant : | |

## MEMORANDUM OPINION

Plaintiff, the Chapter 7 Trustee ("Plaintiff"), filed this complaint against Defendant, Jason J. Rickard ("Defendant"), seeking to avoid the transfer of a parcel of real property made by Debtor, Mr. Rickard ("Debtor"), to Defendant, who is Debtor's son, approximately five months before Debtors filed their Chapter 7 bankruptcy petition. The deed conveying the property from Debtor to Defendant recites that the consideration for this transfer was $1.00. Plaintiff alleges that this transfer is avoidable as a fraudulent transfer under 11 U.S.C. §548(a)(1)(A), because it was made within one year before the date that Debtors filed their Chapter 7 petition,[1] with actual intent to hinder, delay, or defraud creditors. Plaintiff also alleges that this transfer is avoidable as a fraudulent transfer under 11 U.S.C. §548(a)(1)(B), because it was made within one year before the date that Debtors filed their Chapter 7 petition, at a time when Debtors were insolvent, and

---

[1] The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") amended Section 548(a)(1) to extend the look back provision of this section from one year to two years before the date that the debtor filed his bankruptcy petition. This amendment does not apply to this proceeding, however, because it became effective on October 17, 2005, which was after the date that the transfer in question occurred and after the dates that the underlying Chapter 7 bankruptcy petition and this Complaint were filed.

Debtor received less than a reasonably equivalent value in exchange for the transfer. The only defense raised by Defendant is that Debtor was at all times holding title for Defendant and his brother, Michael Rickard, in a constructive trust, and that therefore, the transfer is not subject to avoidance.

I held the trial in this proceeding on July 14, 2006. The Notes of Testimony have been transcribed and the parties have filed their post-trial briefs. This matter is now ready for disposition.

I will begin with a brief discussion of the relevant facts. In 1994, Debtor purchased a parcel of real estate located in Gillette Township, Bradford County, PA ("the Gillette property") for $21,000.00. Debtor testified that his mother had provided $10,000.00 of the purchase price in cash so that he could purchase the Gillette property for his two sons, Defendant and Michael Rickard. Debtor further testified that he obtained the remainder of the purchase price through a refinancing.[2] Debtor testified that he purchased the Gillette property for his sons, but obtained title in his name rather than in his sons' names because his sons were minors when the Gillette property was purchased.[3] In 1998, Debtor sold the Gillette property and purchased another parcel of real estate located in Troy Township, Bradford County, PA ("the Troy property") for $20,000. Debtor testified that he used the proceeds from the sale of the Gillette property to purchase the Troy property and that he purchased the Troy property for his sons, Defendant and Michael.

---

[2]Debtor did not explain the source of the refinancing, but simply testified, as follows, in response to the following question by his attorney, "Where did the other $10,000.00 come from?" Debtor's Response: "We just refinanced, reconsolidated." See Notes of Testimony, July 14, 2006, Trial at p. 21, lines 8, 9.

[3]Defendant was 14 years old and his brother, Michael Rickard, was 7 years old at the time Debtor purchased the Gillette property.

2

Again, he obtained title in his name because Defendant was still in school and Michael was a minor.[4] Debtor further testified that he was partially reimbursed by his sons over the course of time for the $10,000.00 he supplied for the purchase of the Gillette property. Specifically, Debtor testified that Defendant contributed a total of $4,075.00 in installments of approximately $25.00 each and Michael contributed a total of $4,700.00 from his monthly adoption subsidy. Debtor also testified that he forgave the remaining balance ($1,225.00) owed by both Defendant and Michael as a Christmas gift.

On August 24, 2004, Debtor transferred the Troy property to Defendant for $1.00. Debtor testified that he made the conveyance at that time so that Defendant would have collateral to obtain a business loan, and that Defendant understood that Michael's name should be added to the deed when Michael finished school. On January 25, 2005, five months after Debtor conveyed the Troy property to Defendant, Debtor and his wife filed their Chapter 7 bankruptcy petition. On August 15, 2005, Plaintiff filed this Complaint seeking to avoid the transfer of the Troy property under 11 U.S.C. §548(a)(1)(A) and (B).

At all times pertinent to this proceeding,[5] 11 U.S.C. §548(a)(1)(A) and (B) provided, in pertinent part, that:

> The trustee may avoid any transfer ... of an interest of the debtor in

---

[4]Defendant was 18 years old and his brother, Michael Rickard, was 11 years old at the time Debtor purchased the Troy property.

[5]As I explained in note 1, supra, Section 548(a)(1) was amended by BAPCPA, effective October 17, 2005, to extend the look back provision of this Section from one year to two years before the date that the bankruptcy petition was filed. This amendment is inapplicable to this proceeding, however, because it became effective after the transfer in issue was made and after the dates that the underyling Chapter 7 bankruptcy petition and this Complaint were filed. See note 1, supra.

3

> property ... that was made or incurred within one year before the date of the filing of the petition, if the debtor voluntarily or involuntarily -
>
>> (A) made such transfer ... with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted; or
>>
>> (B)(i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and
>> (ii) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;
>
> . . .

11 U.S.C. §548(a)(1)(A), (B).

Turning first to Section 548(a)(1)(A), I note that this section requires that Plaintiff establish that Debtor transferred the Troy property to Defendant with actual intent to hinder, delay, or defraud his creditors. Because a debtor is unlikely to admit to a fraudulent intent, however, a court may "deduce fraudulent intent from all of the facts and circumstances of the case." Shubert v. Dawley (In re Dawley), Adv. No. 02-0332, Case No. 01-32215DWS, 2005 WL 2077074, at *11 (Bankr. E.D. Pa. Aug.10, 2005) (quoting Carmel v. River Bank America (In re FBN Food Services, Inc), 185 B.R. 265, 275 (N.D. Ill. 1995). Circumstantial evidence of a debtor's fraudulent intent may be established through the "badges of fraud," that include: (1) The lack or inadequacy of the consideration given for the transfer; (2) a family, friendship or close associate relationship between the transferor (the debtor) and the transferee; (3) the existence of a trust or trust relationship between the debtor and the person to whom the property was conveyed; (4) a voluntary gift to a family member by the debtor ; and (5) the general chronology of events

4

and transactions under inquiry. Dawley, 2005 WL 2077074, at *11; see also Frierdich v. Mottaz, 294 F.3d 864, 869-70 (7th Cir. 2002).

Applying this standard to the facts before me, I note that several of the factors that comprise the "badges of fraud" exist in this case. Namely, the deed conveying the Troy property to Defendant recites that the consideration for this transfer was $1.00, a family relationship exists between Debtor and Defendant, and Debtor and his wife filed their Chapter 7 petition only five months after the Troy property was conveyed to Defendant. Although Defendant alleges that he and his brother, Michael, reimbursed Debtor for most of the $10,000.00 Debtor contributed towards the purchase of the Gillette property, the testimony of Debtor, Debtor's wife, and Defendant concerning these reimbursements was lacking in detail and unpersuasive. Furthermore, no documentary evidence was introduced to corroborate that these reimbursements were actually made.[6] In addition, no documentary evidence was introduced to support the testimony that Defendant was applying for a business loan and needed to have the Troy property in his name so it could serve as collateral for the loan, or to support the testimony that Defendant's grandmother gave Debtor $10,000.00, intended as a gift for Defendant and his brother, Michael, to purchase the Gillette property. For all of these reasons, I conclude that the reimbursements made by Defendant and his brother, Michael, if any, were not substantial enough to warrant a finding that adequate consideration was given by Defendant and Michael to Debtor in exchange for the Troy property or to support a finding that Debtor was holding title to the Troy

---

[6]Debtor, Debtor's wife, co-Debtor, Dorothy M. Rickard ("Mrs. Rickard"), and Defendant testified that Mrs. Rickard recorded the payments received from Defendant in a book. Counsel for Defendant, however, withdrew his offer to admit this book into evidence after Plaintiff objected to its admissibility as hearsay. Furthermore, no documents established any obligation of Defendant or his brother to pay anything to Debtors.

5

property in a constructive trust for the benefit of Defendant and Defendant's brother, Michael.[7] I also find that the evidence concerning the gift of $10,000.00 by Defendant's grandmother is insufficient to support a finding that adequate consideration was given by Defendant and his brother, Michael in exchange for the transfer of the Troy property or that Debtor was holding the Troy property in a constructive trust for the benefit of Defendant and Michael, see note 7, supra.

---

[7]As stated earlier, the only defense to this action raised by Defendant is that the transfer is not avoidable under Section 548(a)(1)(A) or (B) because Debtor was holding title to the Troy property in a constructive trust for the benefit of Defendant and Defendant's brother, Michael Rickard. The party seeking to impose a constructive trust, however, bears a heavy burden of proof and must establish the elements of a constructive trust by clear, direct, precise and convincing evidence. In re Shareholders Funding, Inc., 188 B.R. 150, 156 (Bankr. E.D. Pa. 1995); In re I.D. Craig Service Corp., 125 B.R. 453, 456 (Bankr. W.D. Pa. 1991); Roberson v. Davis, 397 Pa. Super. 292, 580 A.2d 39 (1990). Under Pennsylvania law, a constructive trust is an equitable remedy that is imposed when a person who holds legal title to property is under an equitable duty to convey it to another person to avoid unjust enrichment due to fraud, duress, undue influence, mistake or abuse of a confidential relationship. Shareholders Funding, 188 B.R. at 156; Yohe v. Yohe, 466 Pa. 405, 411, 353 A.2d 417, 420 (1976); Roberson, 580 A.2d at 40-41 (1990). In the case before me, however, no evidence was presented of fraud, duress, undue influence, mistake, abuse of a confidential relationship, or any other wrongdoing by Debtor that would support the imposition of a constructive trust.

> We must be careful not to improperly split unjust enrichment from its equitable underpinnings. In other words, we must not be quick to impose a constructive trust unless the circumstances of the matter before us evoke the court's equity and demand a remedy, e.g. a case of a defendant who has profited by its wrongdoing or breach of a confidential relationship which gives rise to the "equitable duty" to transfer the property in question to the party which equity seeks to protect.

Shareholders Funding, 188 B.R. at 158 (citing In re Sacred Heart Hosp. Of Norristown, 175 B.R. 543, 556 (Bankr. E.D. Pa. 1994); see also In re Globe Store Acquisition Co., 178 B.R. 400, 404 (Bankr. M.D. Pa. 1995)("While we are mindful that an entity which receives something for no consideration, and not as a gift, is unjustly enriched, we are compelled to observe that if that were the only standard, then every creditor in every bankruptcy case could claim to be the beneficiary of a constructive trust..."). Accordingly, I find that Defendant failed to meet his burden of proving that Debtor held the Troy property in a constructive trust for Defendant and Defendnat's brother, Michael.

6

I further conclude that quite clear and convincing evidence of the "badges of fraud" exists here, namely, the inadequacy of the consideration given for the transfer, the family relationship between the Debtor and Defendant, and the fact that only five months transpired between the date Debtor transferred the Troy property to Defendant and the date Debtor and his wife filed their bankruptcy petition. This clear and convincing evidence supports a finding that Debtor transferred the Troy property "with actual intent to hinder, delay, or defraud his creditors," see 11 U.S.C. §548(a)(1)(A). I therefore find that the transfer is avoidable under Section 548(a)(1)(A). See Dawley, 2005 WL 2077074, at *11; see also Frierdich, 294 F.3d at 869-70.

Because I find that Plaintiff met his burden of proving that the transfer of the Troy property by Debtor to Defendant is avoidable under Section 548(a)(1)(A), it is not necessary that I address whether this transfer is also avoidable under Section 548(a)(1)(B) as well. Out of an abundance of caution, however, I shall address this portion of Plaintiff's complaint. I first note that to avoid the transfer of the Troy property to Defendant under Section 548(a)(1)(B), Plaintiff must establish that Debtor received less than a reasonably equivalent value in exchange for the transfer of the Troy property and that Debtor was insolvent on the date that the transfer was made or became insolvent as a result of the transfer having been made. As stated earlier, the deed conveying the Troy property from Debtor to Defendant recites that the consideration for this transfer was $1.00. Defendant, however, claims that he and his brother reimbursed Debtor for most of the $10,000.00 Debtor contributed towards the initial purchase of the Gillette property, and that his grandmother gave Debtor the remaining $10,000.00 used to purchase the Gillette property as a gift intended for Defendant and his brother, Michael. Defendant therefore maintains that Debtor should be deemed to have held the property in constructive trust for

Defendant and Michael. I have already rejected these arguments, however, and I adopt the same reasoning and analysis herein. Specifically, I find that the evidence concerning the reimbursements made by Defendant and his brother, Michael, if any, and the alleged $10,000.00 gift by Defendant's grandmother were not substantial enough to warrant a finding that reasonably equivalent value was given by Defendant and Michael to Debtor in exchange for the Troy property or to support a finding that Debtor was holding title to the Troy property in a constructive trust for the benefit of Defendant and Defendant's brother, Michael.[8] Accordingly, I find that Debtor received less than a reasonably equivalent value in exchange for the transfer of the Troy property to Defendant, see 11 U.S.C. §548(a)(1)(B)(I). Next, Section 548(a)(1)(B)(ii) requires that Plaintiff establish that Debtor was insolvent on the date of the transfer or that Debtor became insolvent as a result of the transfer. I find that Plaintiff established that Debtor was insolvent on the date of the transfer by requesting that I take judicial notice of the Schedules filed by Debtor and his wife in their underlying main bankruptcy case. Specifically, Debtors' Schedules indicate that as of the date of the filing of their bankruptcy petition on January 25, 2005, Debtors had assets of $96,558.00 and liabilities of $144,045.00. Although the transfer of the Troy property occurred approximately five months before Debtors filed their bankruptcy

---

[8]As stated earlier, the only defense to this action raised by Defendant is that the transfer is not avoidable under Section 548(a)(1)(A) or (B) because Debtor was holding title to the Troy property in a constructive trust for the benefit of Defendant and Defendant's brother, Michael Rickard. For the reasons set forth in note 7, however, I find that Defendant failed to meet his burden of proving that Debtor held the Troy property in a constructive trust for the benefit of himself and his brother, Michael Rickard. See note 7, supra.; see also In re Shareholders Funding, Inc., 188 B.R. 150, 156 (Bankr. E.D. Pa. 1995); In re Globe Store Acquisition Co., 178 B.R. 400, 404 (Bankr. M.D. Pa. 1995); In re Sacred Heart Hosp. Of Norristown, 175 B.R. 543, 556 (Bankr. E.D. Pa. 1994); In re I.D. Craig Service Corp., 125 B.R. 453, 456 (Bankr. W.D. Pa. 1991); Roberson v. Davis, 397 Pa. Super. 292, 580 A.2d 39 (1990).

petition, no evidence was presented to show that there was any material change in Debtors' financial condition between the date of the transfer and the date of the filing of the bankruptcy petition. For all of these reasons, I find that Plaintiff established Debtor received less than a reasonably equivalent value from Defendant in exchange for the transfer of the Troy property and that Debtor was insolvent on the date that the transfer was made. Accordingly, the transfer is avoidable under 11 U.S.C. §548(a)(1)(B) as well.

An appropriate Order will follow entering judgment on the Complaint in favor of Plaintiff and against Defendant and avoiding the transfer of the Troy property from Debtor to Defendant under 11 U.S.C. §548(a)(1)(A) and (B).

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br>JAMES J. RICKARD and<br>DOROTHY M. RICKARD,<br>    Debtors | Case No. 05-20381REF<br>Chapter 7 |
| DAVID A. EISENBERG, Esquire,<br>Chapter 7 Trustee,<br>    Plaintiff | |
| v. | Adv. No. 05-2278 |
| JASON J. RICKARD,<br>    Defendant | |

## ORDER

AND NOW, this **13** day of November, 2006, upon my consideration of the testimony and other evidence presented in the trial of the above-captioned Adversary Proceeding, and based upon the discussion contained in the accompanying Memorandum Opinion, it is hereby ORDERED that JUDGMENT ON THE COMPLAINT IS ENTERED IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANT and the August 24, 2004 transfer of the property located in Troy Township, Bradford County, Pennsylvania from Debtor, James J. Rickard, to Defendant, Jason J. Rickard, is hereby AVOIDED as a fraudulent transfer under 11 U.S.C. §548(a)(1)(A) and (B).

BY THE COURT

_____
RICHARD E. FEHLING
United States Bankruptcy Judge